IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMIE L. DAVIS                                                                              PLAINTIFF

v.                              Civil No. 04-6103

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                      DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

  Plaintiff, Jamie Davis, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her application for disability insurance benefits (hereinafter "DIB"), and for supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI of the Act, *42 U.S.C. § 1381a,* respectively.

  Plaintiff was 32 years of age at the time of the administrative hearing and has a tenth grade education (T. 226, 228, 80, 83). She has past relevant work as a waitress/cashier, nurse's assistant and in food preparation (T. 229-230, 75, 83). Plaintiff asserts disability due to: seizure disorder; depression/anxiety; bursitis of the left hip; headaches, primarily postictal; hypoglycemia; fatigue; and, loss of memory/concentration.

  Plaintiff protectively filed her applications on March 26, 2002 (T. 212-216, 62-64). The Social Security Administration denied plaintiff's applications initially and on reconsideration. She then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on February 3, 2004 (T. 224-252), after which the ALJ

rendered an unfavorable decision dated May 18, 2004 (T. 13-20). On July 27, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 5-7), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's unfavorable decision. See *42 U.S.C. § 405(g)*. Both parties have filed appeal briefs herein (Doc. #4 & 5), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. §§ 423(d)(1)(A),*

AO72A
(Rev. 8/82)

*1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*. A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir.1995); see also*

AO72A
(Rev. 8/82)

*Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992).* The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995).* The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984)).* Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler, 739 F.2d at 1322.*

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987).* The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir.1988).*

Implicit in the ALJ's task of making a credibility determination is the requirement that

AO72A
(Rev. 8/82)

he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite her limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of her limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001); see also, Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§ 416.945(a).*

AO72A
(Rev. 8/82)

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

**Discussion:**

The plaintiff alleges numerous subjective complaints and nonexertional limitations, including: seizures (T. 136, 198, 165, 163, 129, 169, 231, 232, 247, 74, 90, 96, 134, 133, 145, 147, 150, 159, 157, 155, 180, 203); headaches (T. 243-244, 231, 93, 96, 100, 107, 122, 124,

127, 128, 129, 147, 150, 159, 169, 171, 198, 203); pain and limitation due to bursitis (T. 165, 161-162, 239, 240, 231, 145, 160, 169-170, 202); hypoglycemia residuals (T. 74, 95, 99, 150); fatigue (T. 93, 107, 144, 159, 157, 207); loss of memory/ability to concentrate (T. 235, 38, 93, 96, 109, 129, 144, 179, 180, 206); and, depression/anxiety (T. 231, 237, 239, 95, 129, 163, 174).

In addition, the plaintiff consistently alleges side effects from her medications (T. 167, 235, 242, 79, 90, 83, 179, 180, 198, 197, 105, 106, 107, 109, 110, 112, 155). The ALJ who determines that a plaintiff's testimony as to pain is not credible must make specific findings explaining that conclusion. E.g., *Baker v. Secretary of Health and Human Services, 955 F.2d 552, 555 (8th Cir.1992)*. Here, the ALJ merely dismissed plaintiff's complaints of side effects, stating:

> ... Although the claimant has alleged various side effects from the use of medications such as being drowsy, hallucinating and lack of concentration, the medical records such as treatment notes do not corroborate those allegations. The only complaint of side effect in treatment notes is fatigue caused by Dilantin.

(T. 17). The record belies the ALJ's statement. (T. 179, 180, 197, 198, 155).

The ALJ also places emphasis on plaintiff's Dilantin level being "non-therapeutic" and possible non-compliance with her treatment regimen (T. 17). However, a careful reading of the record indicates that plaintiff's confusion may have contributed to instances of non-compliance, or sub-optimal levels were due to other reasons, requiring dosage adjustment by her physicians (T. 206, 209, 198, 167, 155, 159, 245). Plaintiff testified that even when taking her medication, as prescribed, she still suffers from seizures (T. 245). The record contains documentation from plaintiff, her husband, and others reflecting seizure activity as often as: 8 seizures per month

(T. 125); 30 seizures per year (T. 97); 25-30 seizures per year (T. 99); 80 seizures over a 3 year period (T. 128); and, 3 seizure per month (T. 144).  These records also indicate plaintiff's family is needed to ensure plaintiff takes her medications properly.

Here, as noted, the plaintiff has asserted multiple impairments.  Under these circumstances, the Social Security Act requires the Commissioner to consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *See 20 C.F.R. § 404.1523; Cunningham v. Apfel, 222 F.3d 496, 501 (8th Cir.2000); Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir.1991)*.  In the present case, the ALJ was obligated to consider the combined effects of plaintiff's numerous physical impairments, as well as her asserted mental impairment. *See id.* Nonetheless, the only indication that the ALJ actually did so, is the recitation of what is analyzed as a lack of objective medical evidence to support the plaintiff's claims of disability due to seizures and bursitis, and the acknowledgement of her alleged post-seizure headaches, followed by a finding that objective evidence does not support that claim, either (T. 16). Finally, the ALJ summarizes:

> The undersigned concludes the claimant does not have an impairment or combination of impairments of severity to meet or equal the criteria of any listed impairment.

(T. 16).

The ALJ reiterates this statement in finding four (4), at the conclusion of his decision (T. 19).

While similar statements have been found by the United States Court of Appeals for the Eighth Circuit to evidence sufficient consideration of the combined effect of a plaintiff's

-8-

multiple impairments, we cannot arrive at the same conclusion, herein. See *Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir.1994)*. A careful reading of the ALJ's decision, along with a review of the administrative record, reveals an inadequate assessment of the totality of plaintiff's impairments. Rather, each impairment was discussed singly, found to have no medical evidence in support of its existence or not discussed, at all (T. 15-17).

Although a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's findings where the deficiency has no practical effect on the outcome of the case, the ALJ is not free to ignore medical evidence but rather must consider the record as a whole. See *Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir.1999)*.

**Conclusion:**

Accordingly, we conclude that the decision of the Commissioner, denying benefits to the plaintiff, should be reversed and this matter remanded for adequate consideration of the combined effect of her numerous alleged impairments, and proper consideration of the effect, if any, the alleged side effects of medication have on her ability to perform either her past relevant work or other work which exists in significant numbers in the economy. The ALJ should also reconsider the plaintiff's subjective complaints and nonexertional limitations, in light of these reported medication side effects.

ENTERED this 30th day of August, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

**AO72A**
**(Rev. 8/82)**